# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

```
TONY M. YOUNGBLOOD,        )
                           )
        Petitioner         )
                           )
vs.                        )      No. 3:08-CV-513
                           )
WILLIAM WILSON,            )
SUPERINTENDENT,            )
WESTVILLE CORRECTIONAL     )
FACILITY,                  )
                           )
        Respondent.        )
```

## OPINION AND ORDER

This matter is before the Court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the Court to review a habeas corpus petition and dismiss it if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

BACKGROUND

Petitioner Tony Youngblood ("Youngblood"), a prisoner confined at the Westville Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254, challenging a loss of earned credit time in a disciplinary hearing.

On June 3, 2008, a prison disciplinary hearing board ("DHB") found the petitioner guilty of possession of a cellphone that was found during a shakedown of a dorm room shared by Youngblood and other inmates on March 11, 2008. The petitioner attached a copy of the conduct report to his petition. (DE #1-2, p. 1.) According to the conduct report, an investigation revealed that the cellphone had been purchased by Marreal Gill ("Gill") and had been activated on March 8, 2008. According to the report, Gill is on the visiting list for Youngblood and is not on the visiting list of any other inmate at the facility. A search of Youngblood's personal property revealed correspondence between Youngblood and Gill in which he referred to Gill as his "wifey." (*Id*.) According to the conduct report, Youngblood admitted that he knew the cellphone was in the dorm room and may have used it. (*Id*.)

The DHB sentenced Youngblood to six months in disciplinary segregation, took away his telephone privileges for ninety days, and took 180 days of earned credit time away from him. Youngblood appealed unsuccessfully to the Superintendent and the final reviewing authority.

DISCUSSION

Where prisoners lose good time credits at prison disciplinary hearings, the Court has held that the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (3) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539 (1974). "[S]ome evidence" is required to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Institution*, 472 U.S. at 455.

In ground one of his petition, Youngblood asserts that Indiana Department of Correction Policy requires "that a report of conduct must be process[ed] within 24 hours of the incident." (DE #1, p. 4.) Youngblood asserts that "[t]here was no report written for 60 day[s] on the incident," and he "was never segregated or advised that he was being placed under investigation as state[d] in the policy and procedure . . . [and that he] . . . was never given a confiscation slip for this item as require[d] per policy. This is a due process violation." (*Id.* at 4-5.)

Section 2254(a) provides that federal courts shall entertain an application for a writ of habeas corpus on behalf of a person in

3

state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). State law questions do not state a claim for habeas relief, *Kraushaar v. Flanigan,* 45 F.3d. 1040, 1049 (7th Cir. 1995), and violations of prison disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997). Accordingly, that the conduct report may have been written and processed beyond the time contemplated by Indiana Department of Correction ("IDOC") policy, and even assuming that the other actions asserted by the petitioner violated IDOC policy, his allegations state no claim upon which relief can be granted under Section 2254.

In ground one, the petitioner also asserts that he "was denied his right to call Sgt. Owens as a witness. This is the actual officer who found the phone and told the petitioner that he never wrote a conduct report because the phone was never found on anyone." (DE #1, p. 5.)

Before a habeas petitioner may present his claims to this Court, 28 U.S.C. Section 2254(b)(1)(A) requires that he must have exhausted his state remedies as to those claims. An application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available

4

in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992). Failure to raise the issue on appeal to the final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

The petitioner attaches a copy of his institutional appeal to his petition for writ of habeas corpus. (DE #1-2, p. 3.) That document establishes he did not present this claim in his institutional appeal, so he may not present it here.

The petitioner has also attached the screening order, which establishes that he did not request any witnesses when he was screened. (DE #1-2, p. 4.) *Wolff v. McDonnell* requires that prisoners be permitted to submit relevant exculpatory evidence, but that right is waived unless the prisoner requests the evidence and witnesses before the hearing. *See Miller v. Duckworth*, 963 F.2d 1002, 1005 n.2 (7th Cir. 1992) (a prisoner is not entitled to wait until the day of his hearing to request to call witnesses). By not requesting Sgt. Owens as a witness before the hearing, Youngblood waived him as a witness.

Finally, Sgt. Owens' purported testimony would have had no impact on Youngblood's guilt or innocence. According to Youngblood's petition, Sgt. Owens' testimony would have established that he did not write a conduct report on the day of the incident because it was unclear which of the inmates in the room the

5

cellphone belonged to. (DE #1, p. 5.) That being the case, officials conducted an investigation that provided evidence as to who the cellphone belonged to and subsequently wrote the conduct report. Sgt. Owens' testimony would not have been exculpatory, and it would have been irrelevant to the issues before the DHB.

In ground two of his petition, Youngblood asserts that there "was no evidence that he had possession of said item (cellphone) nor that he had ever used said phone." (DE #1, p. 3.)

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution*, 472 U.S. at 455. The "some evidence" standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if there is any evidence in the record that could support the conclusion reached by the board. *Id.*

In this case, Youngblood disputes some of the facts asserted in the conduct report, and, in his administrative appeal, he denied admitting that "he knew about the cellphone." (DE #1-2, p. 3.) It is, however, undisputed that the cellphone was found in a room Youngblood shared with others and that the cellphone had been purchased and activated three days previously by Gill, a friend of Yongblood's with whom he corresponded and who was on his witness list. This provides some evidence to support a finding of guilt on

the charge of possession of a cellphone.  *See Superintendent, Mass. Correctional Institution*, 472 U.S. at 456 (holding that a prison guard's testimony establishing that he saw one of three inmates fleeing from the scene of an assault on a fourth inmate, constituted sufficient evidence to support a finding that one particular inmate was involved in the assault); *see also Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (holding that an inmate constructively possessed a weapon found in the cell he shared with three other inmates).  Prison officials do not have to find a cellphone on an inmate's person in order to find him guilty of possessing it, and the evidence before the DHB was sufficient to support a finding that he possessed the cellphone found in his room.

CONCLUSION

For the foregoing reasons, the Clerk is **ORDERED** to **DISMISS** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**DATED: May 14, 2009**                    /s/RUDY LOZANO, Judge
                                           **United States District Court**